IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTINE T. SMITH                                                                                      PLAINTIFF

vs.                                             Civil No. 4:20-cv-04068

COMMISSIONER, SOCIAL                                                                        DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Christine T. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on June 23, 2017.  (Tr. 11).  In her application, Plaintiff alleges being disabled due to bipolar disorder, personality disorder, degenerative joint disease, neuropathy in her arms and legs, thyroid problems, and emphysema.  (Tr. 180).  Plaintiff alleges an onset date of January 1, 2016.  (T. 11).  This application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15.  These references are to the page number of the transcript itself not the ECF page number.

1

initially and again upon reconsideration. (Tr. 68-90). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 33-54).

On February 26, 2019, the ALJ held an administrative hearing. (Tr. 33-54). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Matuk[2] testified at this administrative hearing. *Id.*

On September 17, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-32). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 23, 2017, her application date. (Tr. 13, Finding 1). Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spines; chronic obstructive pulmonary disease; obstructive sleep apnea; obesity; bipolar personality disorder; and post-traumatic stress disorder. (Tr. 14, Finding 2). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-16, Finding 3).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-25, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she could not reach overhead with either upper extremity; however, she could reach in any other direction and handle frequently; can occasionally stoop, crouch, crawl, and kneel; cannot climb ladders, ropes, or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow

---

[2] Her first name was not included in the record. (Tr. 34).

> or moving surfaces, but can balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can use foot controls occasionally; can tolerate occasional exposure to gases, vapors, dusts, and other respiratory irritants and extremes in temperature and humidity; can understand, remember, and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production type work; can make only simple work related decisions; can adapt to few, if any, workplace changes; and can tolerate occasional interaction with the general public.

*Id.*

The ALJ determined Plaintiff was forty-one (41) years old, which is defined as a younger individual under 20 C.F.R. § 416.963(c) (2008) on the date her application was filed. (Tr. 25, Finding 6). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 25, Finding 7).

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 25, Finding 5). Thus, she had no PRW she could perform. The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 9). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform the following occupations: (1) document preparer (sedentary, unskilled) with approximately 46,731 such jobs in the nation; (2) addresser (sedentary, unskilled) with approximately 5,758 such jobs in the nation; and (3) touch up screener (sedentary, unskilled) with approximately 1,675 such jobs in the nation. (Tr. 25-26, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from June 23, 2017 (application date ) through September 20, 2019 (ALJ's decision date). *Id.*

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-4).

The Appeals Council denied this request on July 27, 2020. (Tr. 1-4). Thereafter, on August 19, 2020, Plaintiff appealed her administrative case to the Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 19, 2020. ECF No. 5. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 17-18.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 17. Specifically, upon a review of her briefing, Plaintiff appears[3] to only claim the ALJ erred in finding her dysautonomia or autonomic function

---

[3] Plaintiff's only argument in her briefing relates to the ALJ's Step Two determination. ECF No. 17. Although Plaintiff refers to a number of her medical records, she only claims the ALJ erred in finding her dysautonomia or autonomic function was non-severe. Thus, this Court will only address that issue.

5

was non-severe. *Id.* Thus, this Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

At the administrative hearing in this matter, Plaintiff did not allege being disabled due to dysautonomia or autonomic function. (Tr. 33-54). In her application, Plaintiff did not allege being disabled due to dysautonomia or autonomic function. (Tr. 180). Because Plaintiff did not raise this alleged disability at the administrative hearing or in her application, the ALJ was under no obligation to investigate whether Plaintiff was disabled due to dysautonomia or autonomic function and was under no obligation to find this impairment was severe. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (recognizing an ALJ is under no "obligation to investigate a claim

not presented at the time of the application for benefits and not offered at the hearing as a basis for disability"). Thus, the Court cannot find the ALJ erred in finding this impairment was non-severe.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE